**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

          **Plaintiff,**     :

                         **Case No. 2:23-cr-218**
   **v.**                         **Chief Judge Sarah D. Morrison**
                             **Magistrate Judge Elizabeth**
                           **Preston Deavers**

**ELIJAH DAVIS,**      :

          **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Elijah Davis's Motion for Return of Property Post Trial. (Mot., ECF No. 63.) The Government opposed the Motion (Resp., ECF No. 65), and Mr. Davis has not replied. For the reasons below, the Motion is **DENIED**.

## I.    BACKGROUND

In September 2024, Mr. Davis pleaded guilty to one count of possession with intent to distribute fentanyl. (ECF No. 42.) The Court sentenced Mr. Davis to 60 months of imprisonment for his offense. (ECF No. 61.)

Over a year prior to his federal sentencing, Mr. Davis was released from custody at Franklin County Corrections Center II ("FCCC") on or around February 27, 2023. (Mot., PAGEID # 304.) Though he was released from FCCC, he was still under supervised release by Lake Erie Correctional Institute ("LECI") for a prior state conviction. (Resp., PAGEID # 314; ECF No. 47.) In April 2023, Mr. Davis had a supervised release violation, leading to his incarceration at LECI from May 2023

to November 2023. (*Id*.) The Government pursued a forfeiture proceeding when Mr. Davis was not incarcerated.

On March 13, 2023, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) sent Mr. Davis's written notice of the February 2023 seizure of $67,999 in U.S. Currency. (ECF No. 65-1.) The Notice was sent to three of Mr. Davis's last known addresses and posted on the official internet government forfeiture website from March 13 through April 11, 2023. (Resp., PAGEID # 314.) The notice explained that Mr. Davis had two options to challenge the seizure: 1) file a petition for remission or mitigation of the property; or 2) file a claim under 18 U.S.C. § 983(a) contesting the forfeiture. (*Id*. at PAGEID # 314–315.) Mr. Davis did not respond to the notice. (*Id*.) Subsequently, on May 15, 2023, the ATF issued a declaration of administrative forfeiture of his property. (ECF No. 65-5.)

Now, Mr. Davis seeks return of his property, arguing that he was not properly notified of the forfeiture. (Mot.)

## II.  STANDARD OF REVIEW

"A Federal Rule of Criminal Procedure 41 motion is treated as a civil action in equity when the owner of the property invokes the Rule after the conclusion of his criminal proceedings." *United States v. Taylor*, 2024 U.S. Dist. LEXIS 245930, at *4-5 (quoting *United States v. Oguaju*, 107 F. App'x 541, 542 (6th Cir. 2004) (citation omitted)). "Once administrative or civil 'forfeiture proceedings have been initiated and the property owner has been notified of such proceedings, a claimant may no longer use [Rule 41(g)] but instead must submit to the statutory procedures governing civil forfeiture proceedings.'" *Id*. (quotations omitted). Consequently, a

judicial challenge to an administrative forfeiture is often "foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statutes and regulations." *Id.* (quoting *United States v. Campbell*, 3 F. App'x 381, 383 (6th Cir. 2001)). There is, however, an exception. A district court may review a Rule 41(g) motion when the plaintiff argues that they did not receive proper notice of the forfeiture. *Id.*

## III. ANALYSIS

The Government argues that Mr. Davis's Motion should be denied because 1) he failed to timely file a claim under 18 U.S.C. § 983(a) to contest the forfeiture and 2) he received adequate notice of the forfeiture.

In a nonjudicial forfeiture proceeding, § 983(a)(1) requires the United States to send a written notice to interested parties no more than 60 days after a seizure of property. 18 U.S.C. § 983(a)(1). Upon receiving that written notice, an interested party can elect one of two methods to challenge the seizure and forfeiture: 1) file a petition for remission or mitigation of the forfeiture, or 2) file a claim under § 983(a). *CNEST Or. Solutions, LLC v. United States*, 96 F. Supp. 3d 726, 732 (S.D. Ohio 2015) (Beckwith, J.) "If a claim is timely filed, the United States must file a judicial forfeiture complaint in the appropriate district court." *Id.*

If the interested party only files a petition, then an administrate forfeiture proceeding is triggered. *Id.*; s*ee United States v. Taylor*, No. 19-33, 2024 U.S. Dist. LEXIS 245930, at *4 (E.D. Ky. April 8, 2024) *adopted by United States v. Taylor*, No. 19-33, 2025 WL 1794118, at *3 (E.D. Ky. June 30, 2025). In an administrative forfeiture proceeding, the forfeiture decision is determined by the agency, and a

federal court's jurisdiction is "limited only to a determination that the proceeding conformed with the requirements of due process." *CNEST Or. Solutions, LLC,* 96 F. Supp. 3d at 732 (citing *In re: Search Warrants for 27867 Orchard Lake Road*, 553 F.Supp.2d 879, 882 (E.D. Mich. 2008)).

### A. Mr. Davis initiated an administrative forfeiture.

By failing to file a § 983(a) claim, Mr. Davis triggered an administrative forfeiture proceeding, waiving his right to challenge the forfeiture of his property. Consequently, the Court's jurisdiction is only limited to considering whether the administrative forfeiture proceeding conformed with due process.

### B. Mr. Davis received sufficient notice.

Mr. Davis alleges that he failed to challenge the forfeiture because he did not receive adequate notice of the proceeding, arguing that the Notice of Seizure was sent to FCCC after he had been released from custody. But the Government made sufficient efforts to notify Mr. Davis of the seizure. The Government mailed the Notice of Seizure to three of Mr. Davis's last known addresses. And each Notice was delivered by FedEx and signed for by a recipient. Notably, Mr. Davis's girlfriend signed for the Notice at an address that Mr. Davis had indicated that he lived at for a year prior to being in custody at LECI. The Government's efforts to notify Mr. Davis were reasonably calculated to inform him of the forfeiture proceedings, "actual notice is not required in proceedings such as this." *Dusenbery v. United States*, 534 U.S. 161, 170 (2002).

## IV.     CONCLUSION

For the reasons set forth above, Mr. Davis's Motion for Return of Property

Post Trial (ECF No. 63) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

5